ShapiroCroland
Shapiro • Croland • Reiser • Apfel • Di Iorio, LLP.

Stuart Reiser
Partner
sreiser@shapirocroland.com
Member NJ and NY Bar
Certified Civil Trial Attorney

September 8, 2026

**VIA ECF Filing**
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Chan v. Troma Entertainment et al., No. 1:26-cv-06960-AS (S.D.N.Y.)**

Dear Judge Subramanian:

This Office represents the Defendants, Troma Entertainment Inc. (improperly plead as "Troma Entertainment"), Benjamin Johnson, and James Adamson (collectively, "**Defendants**"), in the above-captioned action. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Defendants respectfully request a first extension of their respective deadlines to answer, move, or otherwise respond to the Complaint through and including **October 13, 2026**.

Without conceding the validity of service or waiving any defenses concerning service, Plaintiff's affidavits purport to reflect service on Troma Entertainment, Inc. on August 20, 2026, by delivery to an individual identified as a clerk and general agent authorized to accept service. If effective, Troma's present deadline to respond to the Complaint is September 10, 2026.

Plaintiff's affidavits further purport to reflect delivery of the Summons and Complaint for Johnson and Adamson on August 20, 2026, to an individual identified as their coworker at their alleged actual place of business, followed by first-class mailing on August 21, 2026. The proofs of service were filed on August 28, 2026. If service was effective under N.Y. C.P.L.R. § 308(2), Johnson's and Adamson's present deadline to respond to the Complaint is September 28, 2026. Defendants request a single **October 13, 2026** deadline for all Defendants to respond.

Good cause exists for the requested extension. Defendants are coordinating among themselves and with counsel to investigate Plaintiff's allegations, review the relevant records, and prepare a joint defense strategy. The requested extension will permit Defendants to complete that work and submit a coordinated response to the Complaint.

In addition, on September 4, 2026, Defendants served Plaintiff with a letter pursuant to Federal Rule of Civil Procedure 11 and a corresponding Notice of Motion, demanding that Plaintiff withdraw the Complaint by September 29, 2026. The requested extension would permit the Rule 11 safe-harbor period to expire before Defendants' response to the Complaint becomes due.

This is Defendants' first request for an extension of their time to respond to the Complaint. Plaintiff has not consented to the requested extension. There are no scheduled appearances or other deadlines that would be affected by the requested extension.

Accordingly, Defendants respectfully request that the Court extend their deadline to answer, move, or otherwise respond to the Complaint through and including October 13, 2026.

Respectfully submitted,

s/Stuart Reiser

Stuart Reiser

cc: Plaintiff, Lap-Sun Chan (via Certified Mail R.R.R., Regular Mail, E-Mail and ECF).

GRANTED. Responses due on October 13, 2026.

The Clerk of Court is respectfully requested to close Dkt. 7.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 9, 2026